### James B. Prescott *v.* James N. Spurlock et al.

Actions *en declaration de simulation* may be brought on all claims sounding in money, although they be liquidated by a judgment, or pending in other suits.

In these actions an incidental prayer for judgment on a claim for which there is a pending suit—in the event that none shall have been rendered in such suit—is not sufficient to defeat the main action, and on proper proof, the simulation may be decreed, although there should be no judgment for the amount demanded.

APPEAL from the District Court, Tenth District, Parish of Carroll, *Perkins, jr.,* J.

Plaintiff sued *James N. Spurlock* for various causes of action, on a note, open account, judgment, &c. He charged that certain property owned by *James N. Spurlock* had been fraudulently mortgaged to *Drury Spurlock* in order to defeat plaintiff's right. He averred that suits were now pending for portions of the claims herein sued for, and prayed that if no judgment should be obtained by the time of the final hearing on this portion, that he have judgment for the several amounts, and that the mortgage, &c., be set aside.

Defendants excepted to the petition " on the ground that all the causes of action against defendant, as set forth in plaintiff's petition, are, by plaintiff's own shewing, now depending and undecided, &c," except "the suit No. 1728, which is in a judgment—that an execution has issued on said judgment, &c., levy made, &c., on property alleged to be that of this defendant.".

*Graham,* for plaintiff and appellant. *Dubose,* for defendants.

Rost, J. This is an action *en declaration de simulation*, which may be brought on all claims sounding in money, although they be liquidated by a judgment, or pending in other suits, &c. 2nd Zacharie, 341; and authorities there cited.

PRESCOTT
v.
SPURLOCK.

It is true that the plaintiff incidentally asks that, on the final hearing of the cause, if judgment shall not have been rendered in the suits pending upon a portion of his claim, he may have judgment for it in this suit, but that prayer is not sufficient to defeat the plaintiffs' main action, and on proof of the claim, and of the other facts alleged, the simulation may be declared, although there should be no judgment for the amount claimed.

We are opinion that the exception of *lis pendens* should have been overruled, and the defendant allowed to proceed in his main action.

It is ordered that the judgment be reversed, the exception overruled, and the case remanded for further proceedings according to law, with directions to the District Judge to proceed and decide the question of simulation. It is further ordered that the defendant and appellee pay the costs of this appeal.